UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

FRANCOIS BOYE,
          Appellant,

      v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
DC-0432-13-0338-I-1

DATE: September 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael L. Spekter, Esquire, Washington, D.C., for the appellant.

Ralph C. Conte, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's performance-based removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](5 C.F.R. § 1201.115)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as modified by the analysis of the appellant's age discrimination and retaliation claims, we AFFIRM the initial decision.

## BACKGROUND

¶2     Effective January 27, 2013, the agency removed the appellant from his position as a GS-14 International Economist for unacceptable performance in three critical elements of his performance standards. Initial Appeal File (IAF), Tab 7 at 17, 20-27. He consequently filed an appeal alleging that the agency failed to provide him with a reasonable opportunity to improve and that his performance was not deficient as charged in the notice of proposed removal. IAF, Tab 1 at 5, Tab 16 at 4-8. He also claimed that the agency discriminated against him on the basis of his age and retaliated against him for engaging in prior equal employment opportunity activity when it removed him. IAF, Tab 16 at 9.

¶3     After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 1 at 2, Tab 24, Initial Decision (ID) at 1, 9. She found that the agency carried its burden of showing that the appellant's performance remained deficient in the three critical elements

relied on by the agency and that it provided him with a reasonable opportunity to improve. ID at 5-13. She also found that the appellant failed to meet his burden of proving his age discrimination and retaliation claims. ID at 13-16.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition, PFR File, Tab 8, to which the appellant has replied, PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 For the agency to prevail in this appeal, it must establish by substantial evidence, in relevant part, that the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to improve and, after an adequate improvement period, his performance remained unacceptable in at least one critical element. *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013). Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.56(c)(1). Substantial evidence is a lesser standard of proof than preponderance of the evidence and, to meet this standard, the agency's evidence need not be more persuasive than that of the appellant. *Towne*, 120 M.S.P.R. 239, ¶ 6.

¶6 On review, the appellant claims that the administrative judge erred in finding that the agency afforded him an adequate improvement period. PFR File, Tab 3 at 9-15. Specifically, he claims that the administrative judge wrongfully found that the agency provided him with writing samples during the performance improvement plan (PIP) and that, without proper writing samples and other specific prior guidance, he was unable to predict what his supervisors expected for each assignment. *Id.* at 9-10, 12-15. Even if the agency did not provide the appellant with writing samples as he alleges, there is ample evidence in the record to support the administrative judge's finding that the agency proved by

substantial evidence that it afforded him a reasonable opportunity to improve his performance during the 90-day PIP period, including providing him with: (1) lengthy and specific examples of the ways in which his performance had been deficient during the rating period; (2) templates and guidelines used for all written work product in the office; and (3) one-on-one meetings and discussions with his supervisor every 2 weeks during the PIP period.[2] ID at 5-7. Moreover, as the administrative judge found, the level of guidance and instruction the appellant claimed he should have received throughout the duration of the PIP ran directly contrary to the expectations of someone, such as the appellant, who was at the top of his GS-14 career ladder position, ID at 13, and, even if the appellant previously had not been assigned the kinds of assignments he was tasked to perform during the PIP, it was certainly reasonable to expect him to be capable of writing in a clear and organized manner given the requirements of his position description and performance plan, ID at 11; IAF, Tab 8 at 138-39; *see Satlin v. Department of Veterans Affairs*, 60 M.S.P.R. 218, 225 (1993) (the administrative judge properly considered the appellant's length of service and experience in concluding that the appellant had received both adequate instruction and time in which to demonstrate improvement); *see also Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 32 (2010) (in determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the

---

[2] The appellant argues that he was not provided a reasonable opportunity to improve because he only had one-on-one meetings with his supervisor throughout the duration of the PIP and not with his supervisor's deputy, who edited two of his assignments during the PIP period. PFR File, Tab 3 at 10-11. We find no error here. Although the applicable regulations governing performance-based actions state that "as part of the employee's opportunity to demonstrate acceptable performance, the agency shall offer assistance to the employee in improving unacceptable performance," there is no mechanical requirement regarding the form of this assistance. 5 C.F.R. § 432.104; *see Gjersvold v. Department of the Treasury*, 68 M.S.P.R. 331, 335-36 (1995).

amount of time that is sufficient to provide the employee with an opportunity to demonstrate acceptable performance).

¶7        The appellant additionally argues that the administrative judge erred in finding that his performance was unacceptable.  PFR File, Tab 3 at 15-22.  He argues that the administrative judge failed to thoroughly review the record, including the hearing testimony, his PIP assignments, and his response to the notice of proposed removal.  *Id.* at 15-17, 19-22.  He also argues that the administrative judge erred in determining that the agency officials who testified were credible because they did not testify consistently at the hearing and in their deposition testimony.[3]  *Id.* at 10, 20-22.  We have reviewed the record and find that the appellant's arguments constitute mere disagreement with the administrative judge's explained findings of fact and credibility determinations, which are supported by the record and entitled to deference.  ID at 5-13; *see Diggs v. Department of Housing & Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has sufficiently sound reasons for doing so).[4]  Significantly, contrary to the appellant's arguments, the record supports the administrative judge's finding that the agency proved by substantial evidence that his performance remained deficient in the three critical elements relied on by the

---

[3]   The appellant cites to specific pages of deposition testimony in support of his argument.  PFR File, Tab 3 at 10-11, 15, 18.  Although the appellant indicated in his prehearing statement that he attached portions of his supervisor's deposition transcript for impeachment purposes, there are no pages of text attached and we, therefore, are unable to compare testimonies.  IAF, Tab 16 at 12, 192-93.  Concerning the appellant's argument regarding inconsistencies in the hearing testimony, we find his argument unpersuasive.

[4]   Although the administrative judge did not make any explicit demeanor-based credibility determinations in the initial decision, she heard live testimony, and her credibility determinations must be deemed to be at least implicitly based upon witness demeanor.  *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009).

agency. ID at 12. As evidenced by the appellant's assignments during the PIP period, his drafts required substantial revisions, contained grammatical errors, and, at times, were difficult to understand. IAF, Tab 8 at 24-123. Further, we discern no reason to disturb the administrative judge's finding that the kinds of revisions necessary to his written work went far beyond what his supervisors needed to provide to any other economist at his grade level and length of experience. ID at 11; Hearing Transcript, July 9, 2013, at 81-83 (testimony of the appellant's supervisor), 152-56 (testimony of the supervisor's deputy). Accordingly, we agree with the administrative judge that the agency met its burden concerning the adequacy of the appellant's performance.

¶8        In analyzing the disparate treatment theory of the appellant's age discrimination claim, the administrative judge relied on *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 180 (2009), to find that the appellant did not prove that his age was the "but for" cause of the PIP and resulting removal. ID at 13-15. The Board, however, has held that a federal employee, unlike the private sector employee in *Gross*, may prove age discrimination by establishing that age was "a factor" in the challenged personnel action even if it was not the "but-for" cause of that action. *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012). Because the factual record is fully developed on this issue and we do not base our finding on witness demeanor, we need not remand this claim for further adjudication. *Spahn v. Department of Justice*, 93 M.S.P.R. 195, ¶ 36 n.10 (2003). Based on the existing record, and for the reasons contained in the initial decision, we find that the appellant did not meet his burden of proving that age was "a factor" in the agency's decision to either place the appellant on a PIP or ultimately remove him. ID at 13-15.

¶9        In analyzing the appellant's retaliation claim, the administrative judge applied a burden-shifting analysis and found that the appellant failed to establish a prima facie case of retaliation because he did not establish a nexus between his protected activity and his placement on the PIP and ultimate removal. ID at

15-16. However, where, as here, the case has gone to a hearing and the evidentiary record is complete, the administrative judge will not inquire into whether the action under review could have been retaliatory, whether the appellant has made out a prima facie case of retaliation, or whether some other threshold of proof has been met. *Simien v. U.S. Postal Service*, 99 M.S.P.R. 237, ¶ 28 (2005). Rather, the inquiry proceeds to the ultimate question, which is whether, upon weighing the evidence presented by both parties, the appellant has met his burden of proving retaliation. *Id.* The Board has stated that an appellant may meet this burden by providing circumstantial evidence showing a "convincing mosaic" of retaliation against him. *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 22 (2012). Based on the existing record, and for the reasons contained in the initial decision, we find that that the appellant did not meet his burden. ID at 15-16.

¶10    In finding that the appellant failed to meet his burden on his retaliation claim, the administrative judge found that the agency did not prejudge the appellant's performance during the PIP period. ID at 16. The appellant challenges this finding on review, arguing that his placement on the PIP was "merely a sham" because the outcome was predetermined by the agency. PFR File, Tab 3 at 22. He relies on an email message written by his supervisor, the proposing official, in which she stated 2 weeks prior to the end date of the PIP period that the appellant's most recent work product had "solidified [her] decision 100%." *Id.*; IAF, Tab 16 at 122. As the administrative judge properly noted, however, the PIP had already lasted over 2 months and his supervisor's conclusion that he had not passed the PIP could hardly be called premature given the unsatisfactory work products he had already submitted. ID at 16; *cf. Thompson v. Farm Credit Administration*, 51 M.S.P.R. 569, 579 (1991) (the agency did not afford the appellant a reasonable opportunity to improve where the appellant's supervisors, by their actions before, during, and after the performance improvement period revealed their predetermination that he was going to fail).

Moreover, the appellant has not set forth any allegation that the deciding official prejudged the outcome of his notice of proposed removal and the administrative judge found, and we discern no basis to disturb, that the deciding official's review of the evidence was thorough, meticulous, and detailed, his conclusion that the appellant's performance warranted removal was reasonable, and nothing in the record or his testimony in any way suggested that he was motivated by retaliation or discrimination.  ID at 13.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented and modified by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:        _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.